MilligaN, J.,
delivered the opinion of the Court,
The plaintiff in error, William A. Wash, was indicted in the Circuit Court of Washington County, for malicious shooting; and, after his arrest, and in the presence of the prisoner, the Court made the following order, viz:
“Ordered by the Court, that the defendant be admitted to bail, in the sum of one thousand dollars; and that he may deposit with the Clerk of this Court, at any time, the sum of one thousand dollars, in United States Treasury. Notes, in lieu of bail; and the Sheriff may take bail in same, out of term time.”
The money, as it appears, was deposited, under the foregoing order, and the prisoner discharged from custody. At the nest term of the Court thereafter, he failed to appear, and a judgment nisi was regu *93 larly taken and entered against him, and scire facias awarded. The scire facias was returned, indorsed “not found;” and at the term next following, a judgment final was entered against him, and .the money deposited, ordered, after deducting costs, to be paid into the Treasury of the State. After the entry of the judgment final, the defendant below, by his attorney, moved the Court to set aside the judgment, with leave to plead or demur to the scire facias. The Court overruled the motion, from which an appeal is prosecuted to this Court.
, On this state of facts, two questions are presented in argument, and 'insisted on as error. First, That no judgment, in case of a deposit of money instead of bail, can be rendered, without a bon'd or recognizance for the defendant’s appearance. And, second, that no judgment final can lawfully be entered, without the service of scire facias, the appearance of the defendant, or the return of two scire facias, “not found.”
The Code provides, sec. 5167: “The defendant, .at any time after an order admitting him to bail, may, instead of bail, deposit with the Clerk of the. Court, in which he is held to answer, the sum mentioned in the order.”
This provision of the Statute is exceedingly broad,- and seems to require nothing, in the order of Court, but the admission of the defendant to bail, and the amount in which he shall be held to answer. But, it is insisted, that sec. 5177, must be construed in connection with it; and when the two are taken to *94 gether, they must he understood as requiring the defendant, personally, to enter into bond or recognizance, as well as to deposit money, under the order of the Court. We do not so understand the Statute. Section 5177 provides: “If the defendant does not appear, according to his undertaking, a conditional judgment may be entered against the party and his' security, or against the defendant alone, in case of a deposit.”
This section, by its. own terms, is applicable to cases of bail, or recognizance, as well as to deposits, and in no degree modifies the meaning of sec. 5167. The deposit, by express enactment, is “instead of bail;” and, in the meaning of the Statute, must be understood to constitute the undertaking of the defendant in such case, as well as the bond or recognizance in other cases.
This interpretation of the Statute, seems to be corroborated by the sections which immediately follow section 5167, under their provisions. After the order of admission to bail, the defendant need not, if he desires, make his personal appearance in Court at all. All that is required of him, is, to deliver to the officer, in whose custody he is held, a certificate of the Clerk of the deposit, prescribed in the order of Court, and the officer is bound to discharge him. And, on the other hand, if he has made the deposit, he may afterward give bail, and the money will be refunded, and the bail discharged: Code, secs. 5168-5170.
2. With reference to the second error assigned^ the Statute is equally clear and explicit. No judg *95 ment final can be pronounced, in case of a forfeited bond or recognizance, or in case of a deposit instead thereof, without personal service, the voluntary appearance of the defendant, or the return of two scire facias, “not found.”
Such are the direct requirements of the Statute, and whether it is sustained by a valid reason or not. Ita lex scripta est, and we are bound by it. The Statute makes no exception in favor of deposits, and we can ipake none.
It follows, that the Court erred in entering a final judgment, without the return of two scire facias, “not found;” and this must be reversed, and remanded, with leave to issue an alias scire facias.